Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Doran, ) | Case No. |
| ) | |
| Plaintiff, ) | **COMPLAINT AND TRIAL BY JURY** |
| ) | **DEMAND** |
| vs. ) | |
| ) | |
| Vision Financial Corp. d/b/a Vision) | |
| Financial Collection Services Corp.,) | |
| Cavalry SPV I, LLC, and Cavalry Portfolio) | |
| Service, LLC, ) | |
| ) | |
| Defendants. | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

Complaint - 1

## PARTIES

4. Plaintiff, Jennifer Doran ("Plaintiff"), is a natural person who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Phoenix.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Vision Financial Corp. d/b/a Vision Financial Collection Services Corp. ("Vision"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Vision is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Cavalry SPV I, LLC, ("SPV"), is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. SPV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant, Cavalry Portfolio Services, LLC ("CPS") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

11. CPS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Vision or CPS.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Vision or CPS, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Vision or CPS.

15. The alleged obligation arises from a personal credit card.

16. Vision and CPS use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

17. SPV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

18. SPV acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

19. SPV is thoroughly enmeshed in the debt collection business, and SPV is a significant participant in Vision and CPS's debt collection process.

20. SPV purchased Plaintiff's alleged debt in default from Bank of America/FIA Card Services.

21. Upon information and good faith belief, after purchasing the debt, CPS, an affiliate of SPV, began servicing the collection of Plaintiff's alleged debt in default.

22. Upon information and good-faith belief, CPS and/or SPV hired VFC to collect the alleged debt from Plaintiff.

23. In connection with the collection of an alleged debt in default, Vision, itself and on behalf of SPV, sent Plaintiff initial written communication dated July 9, 2012 regarding Bank of America/FIA Card Services, N.A. account number ending in 1875 ("Account 1875"), and in such communication, stated in relevant part:

> **Cavalry SPV I, LLC.**
> **Balance:**        $25,246.01
> **Settlement:**     $18,934.51
> **Account #:**      ****1875
> **Vision Account#** ******1770
>
> Dear JENNIFER R DORAN:
>
> Cavalry SPV I, LLC, has purchased your account and all rights to the debt receivable from Bank of America/FIA Card Services, N.A.. There is an outstanding balance due of $25,246.01 which has been listed for collection with Vision Financial Corp.

(See July 9, 2012 Correspondence, attached hereto as Exhibit A).

24. Vision's July 9, 2012 initial communication failed to inform Plaintiff that Account 1875 would accrue interest.

25. In Plaintiff's August 2012 credit report, CPS reported the balance of Account 1875 as "$32,139 as of 07/2012." (See Credit Report, attached hereto as Exhibit B).

26. As such, Plaintiff's credit report indicates that interest, other fees, or charges had accrued, evidenced by the increase in the amount due from "$25,246.01" to "$32,139."

Complaint - 4

27. Vision's July 9, 2012 communication is misleading to the "least sophisticated consumer" who could readily conclude that the total account balance stated as due was due *at any time*, when in fact it was not, and was subject to adjustment on a periodic basis.

28. Vision's omission of material information in its July 9, 2012 communication, would deceive or mislead the least sophisticated consumer as to the character and amount of the alleged debt.

29. Thus, Vision's July 9, 2012 initial written communication failed to clearly and effectively state the amount of the debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

30. In the alternative, Vision misrepresented the amount of the debt in its July 9, 2012 by stating that the debt was $25,246.01 or CPS misrepresented the amount of the debt by reporting the debt to a credit agency as $32,139 in July 2012.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**VISION**

31. Plaintiff repeats and re-alleges each and every allegation contained above.

32. Vision violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Vision violated 15 U.S.C. § 1692e(2)(A);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## SPV

33. Plaintiff repeats and re-alleges each and every allegation contained above.

34. Vision violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

35. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF 15 U.S.C. § 1692e(2)(A)
### CPS

36. Plaintiff repeats and re-alleges each and every allegation contained above.

37. CPS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that CPSviolated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
**CPS**

38.  Plaintiff repeats and re-alleges each and every allegation contained above.

39.  CPS violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that SPS violated 15 U.S.C. § 1692e(8);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**VISION**

40.  Plaintiff repeats and re-alleges each and every allegation contained above.

41.  Vision violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vision violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**SPV**

42. Plaintiff repeats and re-alleges each and every allegation contained above.

43. Vision violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged debt.

44. SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**CPS**

45.  Plaintiff repeats and re-alleges each and every allegation contained above.

46.  CPS violated 15 U.S.C. § 1692e(10) using false representations and deceptive practices in connection with collection of an alleged deb.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that CPS violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT VIII
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### VISION

47. Plaintiff repeats and re-alleges each and every allegation contained above.

48. Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its July 9, 2012 initial correspondence or within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Vision violated 15 U.S.C. § 1692g(a)(1);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IX
### VIOLATION OF 15 U.S.C. § 1692g(a)(1)
### SPV

49. Plaintiff repeats and re-alleges each and every allegation contained above.

50.     Vision violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the alleged debt in its July 9, 2012 initial correspondence or within five (5) days thereof.

51.     SPV, by virtue of its status as a "debt collector" under the FDCPA, is liable for actions of Vision, the debt collector it hired to collect an alleged debt from Plaintiff on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that SPV violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# TRIAL BY JURY

52. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of October, 2012

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff